IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KIMBERLY A. BUTTRAM f/k/a KIMBERLY A. SCHLOEMER, <br><br> Plaintiff, <br><br> vs. <br><br> RIDGWAY LAW GROUP, P.S., a Washington Professional Services Corporation, and; SHEILA CONLON RIDGWAY, Individually and on Behalf of the Marital Community Comprised of SHEILA CONLON RIDGWAY and JOHN DOE RIDGWAY, <br><br> Defendants. | CASE NO. <br><br><br> **COMPLAINT FOR LEGAL MALPRACTICE** <br><br><br> **JURY DEMAND** |

The Complaint of KIMBERLY A. BUTTRAM alleges as follows:

**I.   PARTIES**

1.0   Plaintiff KIMBERLY A. BUTTRAM, who was formerly known as KIMBERLY A. SCHLOEMER during her marriage, is a person

Complaint for Legal Malpractice
Page 1 of 11

**WAID LAW OFFICE, PLLC**
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926

of the full age of majority, who resides Rockwall, Rockwall County, Texas.

1.1   Defendant RIDGWAY LAW GROUP, P.S. is a Washington professional services corporation, with its principal place of business located in in Seattle, King County, Washington.  At all times relevant herein, Defendant RIDGWAY LAW GROUP, P.S. was and is jointly and severally liable for the acts and omissions of Defendant SHEILA CONLON RIDGWAY pursuant to *respondeat superior* and/or RCW 18.100.070.

1.2   Defendant SHEILA CONLON RIDGWAY is a person of the full age of majority, who resides in the State of Washington and this District and maintains her offices for the practice of law in Seattle, King County, Washington.  At all times relevant herein, Defendant SHEILA CONLON RIDGWAY was acting within the course and scope of her role as principal and employee of Defendant RIDGWAY LAW GROUP, P.S.  Plaintiff does not know whether Defendant SHEILA CONLON RIDGWAY is married or a single person.  Plaintiff thus refers to Defendant SHEILA CONLON RIDGWAY's unknown spouse as "JOHN DOE RIDGWAY" pending discovery, as any acts and/or omissions

Complaint for Legal Malpractice
Page 2 of 11

WAID LAW OFFICE, PLLC
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926

relevant hereto may have been done on behalf of or for the benefit of that marital community.

1.3   For ease of reference, this Complaint refers to Defendants RIDGWAY LAW GROUP, P.S. and SHEILA CONLON RIDGWAY collectively as "RIDGWAY" unless otherwise specified.

## II.   JURISDICTION AND VENUE

2.0   Jurisdiction is proper in this Court based on diversity of citizenship within the meaning of 28 U.S.C. §1332, because Plaintiff is domiciled in the State of Texas and Defendants are domiciled in the State of Washington, and the amount in controversy in this case exceeds $75,000.

2.1   Venue is proper in this Court, in conformity with 28 USCA §1391, because the Defendants reside in this District and the harm alleged arose in King County, Washington, including but not limited to Defendants' legal representation of Plaintiff in King County Superior Court matter, no. 17-4-04238-0, entitled *Craig X. St. John Summers Residence Trust, et al v. Kimberly Buttram Schloemer* (the "Underlying Matter").

Complaint for Legal Malpractice
Page 3 of 11

**WAID LAW OFFICE, PLLC**
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926

## III. FACTS

3.0 In November 2000, Craig and Linda Summers, as Trustors, created two irrevocable Trusts, *i.e.,* the Craig X. St. John Summers Residence Trust and the Linda Kathleen Summers Residence Trust.

3.1 In June 2004, BUTTRAM (then known by her maiden was appointed Trustee of the each of the two Trusts, and accepted appointment to those positions on June 17, 2004.

3.2 On November 16, 2006, Craig X. St. John Summers filed Chapter 7 bankruptcy in the United States Bankruptcy Court for the Western District of Washington, Case no. 06-14077-MLB.

3.3 From approximately 2006 until at least July 5, 2017, BUTTRAM understood and reasonably believed that an attorney named SEAN KANOA S. OSTREM (hereinafter referred to as "OSTREM") was acting as her attorney in her capacity as Trustee of the two Trusts, based on his legal advice to BUTTRAM. For example, OSTREM, for example, advised BUTTRAM in November 2006 that, as Trustee, she was "entitled to reasonable compensation" and that reasonable compensation

WAID LAW OFFICE, PLLC
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926

was "clearly warranted here."

3.4   OSTREM also advised BUTTRAM that the bankruptcy filing by Craig X. St Johns Summer had converted the Trust(s) into an annuity trust, thus authorizing BUTTRAM to received compensation for her work as Trustee of the two trusts.

3.5   OSTREM also billed BUTTRAM for his legal advice.

3.6   OSTREM also did not advise BUTTRAM that he could not provide her with legal advice, or that she should consult independent counsel rather than rely upon his advice.

3.7   On March 13, 2015, Craig Summers commissioned an audit of the two Trusts.

3.8   On or about March 21, 2015, BUTTRAM retained RIDGWAY to represent her with respect to the two Trusts. RIDGWAY thereafter continued to represent BUTTRAM in all matters related to the two Trusts, including but not limited to the Underlying Matter.

3.9.  On June 26, 2015, the attorney for the Trustors demanded that BUTTRAM return all compensation paid to her during her tenure as

Complaint for Legal Malpractice
Page 5 of 11

WAID LAW OFFICE, PLLC
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926

Trustee of the two Trusts, in the amount of $179,245.37. RIDGWAY, however, advised BUTTRAM to reject that settlement demand.

3.10   On July 5, 2017, the beneficiaries of the two Trusts filed a TEDRA lawsuit against BUTTRAM in King County Superior Court matter, no. 17-4-04238-0, entitled *Craig X. St. John Summers Residence Trust, et al v. Kimberly Buttram Schloemer* (the "Underlying Matter"). Under the TEDRA statute, BUTTRAM was exposed to liability for the petitioners' attorney fees in addition to any damages and/or interest that might be awarded against her.

3.11   On January 29, 2018, BUTTRAM engaged in mediation of the Underlying Matter. RIDGWAY represented BUTTRAM in the mediation. At the conclusion of the mediation, the parties entered into an agreement to settle the Underlying Matter based upon a payment by BUTTRAM to the plaintiffs ("petitioners") in the Underlying Matter, which the parties reduced to writing in the form of a Mediated Settlement Agreement that same day.

3.12   RIDGWAY participated in the drafting of a formal Mediated

Complaint for Legal Malpractice
Page 6 of 11

WAID LAW OFFICE, PLLC
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926

Settlement Agreement referred to in Complaint ¶3.13, which RIDGWAY approved and advised BUTTRAM to execute. The Mediated Settlement Agreement included the following language:

> **7.     Mutual Release.**
>
> Petitioners [Beneficiaries}, Respondent [Schloemer] and Trustors hereby release each other, and their respective agents and attorneys, from all claims, demands, actions, suits, costs, damages, expenses compensation, penalties, liabilities and obligations of any kind or nature, whether in law or in equity, whatsoever, known or unknown, direct or consequential, foreseen or unforeseen, matured or arising at any time relating to any matter.  Each party agrees and understands that they make this Agreement of their own free will and have had the opportunity to consider its consequences, and the opportunity to have it reviewed by counsel.

3.13   On that same day, January 29, 2018, BUTTRAM executed the Mediated Settlement Agreement referred to in Complaint ¶3.12 in reliance on the advice of RIDGWAY.  BUTTRAM thereafter made the settlement payments required of her by the Mediated Settlement Agreement.

3.14   At all times during the mediation and thereafter, RIDGWAY knew that BUTTRAM contemplated the filing of a legal malpractice claim against OSTREM based upon OSTREM's erroneous legal advice

Complaint for Legal Malpractice
Page 7 of 11

to BUTTRAM.

3.15   On January 25, 2018, BUTTRAM commenced a legal malpractice action against OSTREM in the King County Superior Court Case no. 18-2-02205-3 SEA entitled *Schloemer v. Ostrem.*

3.16   On February 8, 2019, the King County Superior Court dismissed *Schloemer v. Ostrem* based on its conclusion that §7 of the Mediated Settlement Agreement described in Complaint ¶3.12 released all claims of BUTTRAM asserted against OSTREM in *Schloemer v. Ostrem.*

3.17   Based on the advice of counsel, BUTTRAM reasonably concluded that an appeal of the trial court dismissal of *Schloemer v. Ostrem* had no reasonable probability of success and that she could not justify the substantial time and expense involved in pursuing an appeal of *Schloemer v. Ostrem* in light of her limited chances of success in such an appeal.

### IV.   FIRST CAUSE OF ACTION:  LEGAL MALPRACTICE

4.0   Plaintiff re-alleges and incorporates by reference every allegation set forth in ¶¶1.0-3.17, above, as if fully set forth here.

4.1   Upon acceptance of representation of BUTTRAM in the

Complaint for Legal Malpractice
Page 8 of 11

WAID LAW OFFICE, PLLC
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926

Underlying Matter, RIDGWAY undertook a duty of competence to BUTTRAM, to meet or exceed the standard of care applicable to a reasonably prudent Washington State attorney representing a client in the same or similar circumstance as BUTTRAM.

4.2   The representation of Plaintiff BUTTRAM by Defendant SHEILA CONLON RIDGWAY fell below the standard of care expected of a reasonable and prudent Washington attorney representing clients in the same or similar manner in that RIDGWAY: (a) failed to read and understand the Mediated Settlement Agreement prior to advising BUTTRAM to execute it; (b) failed to identify the risk that the language of the Mediated Settlement Agreement would release BUTTRAM's legal malpractice claims against OSTREM despite knowing of BUTTRAM's plan to pursue such a claim against OSTREM, and advise BUTTRAM of that risk; (c) created a foreseeable risk that execution of the Mediated Settlement Agreement would lead to litigation time and expense for BUTTRAM in her contemplated legal malpractice claim

4.2   Defendant SHEILA CONLON RIDGWAY's breaches of the

Complaint for Legal Malpractice
Page 9 of 11

**WAID LAW OFFICE, PLLC**
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926

standard of care proximately caused Plaintiff BUTTRAM damage, including but not limited to: (1) the recovery from OSTREM lost due to dismissal of *Schloemer v. Ostrem;* (2) the amounts paid to RIDGWAY in fees and expenses in the Underlying Matter which were rendered valueless due to dismissal of *Schloemer v. Ostrem*; (3) all fees and expenses incurred by BUTTRAM in *Schloemer v. Ostrem* which were rendered valueless due to dismissal of *Schloemer v. Ostrem*, and; (4) and such other damages, whether direct or consequential, as BUTTRAM may have incurred as a result of RIDGWAY'S negligence.

    4.3    Defendant RIDGWAY LAW GROUP, P.S. is jointly and severally liable for the acts and omissions of Defendant SHEILA CONLON RIDGWAY, pursuant to *respondeat superior* and/or RCW 18.100.070.

WHEREFORE Plaintiff prays for judgment in her favor and against the Defendants, jointly and severally, awarding her the following relief:

    A.    All damages sustained by Plaintiff because of Defendant's negligent acts and/or omissions;

Complaint for Legal Malpractice
Page 10 of 11

**WAID LAW OFFICE, PLLC**
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926

B.  Legal interest, including pre-judgment interest, on all damages to the fullest extent authorized by Washington law;

C.  All taxable costs and disbursements;

D.  Such other and different relief as the Court may deem just and equitable.

### V. DEMAND FOR TRIAL BY JURY

5.0  Plaintiffs demand that all issues in this case be tried to a jury, pursuant to the Seventh Amendment to the United States Constitution and Fed. R. Civ. Proc. 38.

DATED: May 7, 2019.

WAID LAW OFFICE, PLLC

BY:/s/ Brian J. Waid
    BRIAN J. WAID
    WSBA No. 26038
    Attorney for Plaintiff

Complaint for Legal Malpractice
Page 11 of 11

**WAID LAW OFFICE, PLLC**
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926